UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RAMOS, JR., | ) NO. CV 08-08070 JSL (SS) |
| Petitioner, | ) **ORDER ADOPTING FINDINGS,** |
| v. | ) **CONCLUSIONS AND RECOMMENDATIONS** |
| EVANS, Warden, | ) **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's Objections. After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge. However, the Court addresses Petitioner's Objections below.

In his March 31, 2010 Objections to the Report, Petitioner argues that "the evidence was insufficient to show that he personally inflicted great bodily injury on the assault victim." (Objections at 9).

Petitioner concedes there "was evidence that [he] struck the victim during the group attack" and that the victim suffered serious injuries to his "eyes and face." (Id. at 9-10). Petitioner notes, however, that there was no evidence of "where on the victim's body [P]etitioner kicked and hit him." (Id. at 9). Petitioner argues that "[w]ithout evidence that [he] hit or kicked the victim in the head, the evidence was insufficient to show that [P]etitioner personally caused the victim's great bodily injury." (Id. at 10).

In the Report, the Magistrate Judge relied on People v. Modiri, 39 Cal. 4th 481, 46 Cal. Rptr. 3d 762 (2006), to recognize the state law standard for the level of participation required in a group attack to support an enhanced sentence under California Penal Code section 1192.7. (See Report and Recommendation ("R&R") at 21). Petitioner "does not dispute the Magistrate Judge's application of Modiri to his case," but argues that under Modiri, "[t]here must be an evidentiary link between the defendant's actions and the specific bodily harm that the victim suffered." (Objections at 9). Petitioner is correct that Modiri requires a "physical link between [the defendant's] act and the victim's injury." Modiri, 39 Cal. 4th at 495. However, Modiri holds that in the context of a group attack, the physical link is sufficient where a defendant "personally applie[s] force to the victim, and such force was sufficient to produce grievous bodily harm either alone or in concert with others." Id. at 497.

Indeed, Modiri specifically rejects Petitioner's argument that there must be evidence showing that he inflicted blows on the specific part of the body where the victim was injured:

2

1   [T]hose who participate directly and substantially in a group
2   beating should not be immune from a personal-infliction
3   finding for the sole reason that the resulting confusion
4   prevents a showing or determination of this kind.  [¶]
5   Defendant's contrary view would mean that only those whose
6   foot could be traced to a particular kick, whose fist could be
7   patterned to a certain blow or whose weapon could be aligned
8   with a visible injury would be punished.  The more severe the
9   beating, the more difficult would be the tracing of
10  culpability.

12  Id. at 496-97 (internal quotation marks omitted).  Because Modiri does
13  not require the specific type of evidence Petitioner claims, his
14  Objections do not demonstrate that the Report erred in its
15  recommendation.

17       Petitioner further argues that the Report misrepresented the
18  evidence regarding whether Petitioner struck the victim around his head.
19  (See Objections at 10).  According to the Report, "[o]ne deputy
20  testified at the preliminary hearing that he observed Petitioner kicking
21  the victim and hitting him around the head."  (R&R at 29) (citing CT
22  167).  Petitioner is correct that Deputy Capifali did not specify where
23  on the victim's body he observed Petitioner landing blows.  (See CT
24  167).  Deputy Capifali only testified that he observed Petitioner
25  "hitting and kicking" the victim, (id.), and that the victim sustained
26  serious injuries to his face and head.  (See CT 169) ("[B]oth of his
27  eyes were completely shut.  He also had -- there was extensive swelling
28  about his entire face.  There was blood coming from inside the ear

canal. I believe it was his left ear, which suggests possible serious head trauma."). As explained above, however, Modiri does not require evidence that Petitioner specifically struck the victim around his head. Accordingly, Petitioner's Objections do not demonstrate that the Report erred in its recommendation.

IT IS ORDERED THAT:

1. The Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein by United States mail on counsel for Petitioner and counsel for Respondent.

DATED: 5/5/10

*Spencer Letts*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE